**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

| | | |
|---|---|---|
| i play., inc., | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| Triple 8 Corporation, | ) | |
| | ) | JURY TRIAL REQUESTED |
| Defendant. | ) | |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff i play., inc. (hereinafter, "Plaintiff"), by and through its counsel, for its Complaint against Triple 8 Corporation (hereinafter, "Defendant") alleges as follows:

JURISDICTION & VENUE

1. This Complaint is an action for patent infringement under Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction over the claims in this case pursuant to 28 USC §§ 1331 and 1338.

2. Defendant offers for sale and sells throughout the United States, including within North Carolina and this Judicial District and Division, a variety of products, including reusable swim diapers. On information and belief, this Court has personal jurisdiction over Defendant based on Defendant's contacts with this District and Division including, but not limited to, Defendant's conducting business in North Carolina and this district and committing acts of infringement of the patent sued upon in North Carolina and this district. Upon further information and belief, these activities are carried out by Defendant, *inter alia*, through sales in retail outlets located in North Carolina and sales through numerous Internet web sites available to consumers within this District, such as www.blueberrydiapers.com and www.amazon.com.

3. On information and belief, venue is proper in this district with regard to Defendant pursuant to 28 USC § 1391.

## PARTIES

4. Plaintiff, i play., inc., is a North Carolina corporation with its principal place of business in Asheville, North Carolina.

5. Plaintiff's products, including its reusable swim diapers, are distributed through wholesale and resale outlets internationally and throughout the United States, including in the State of North Carolina.

6. On information and belief, Defendant Triple 8 Corporation, is a Tennessee corporation having its principal place of business located at 11245 Threadstone Lane, Knoxville, Tennessee 37932.

## NATURE OF THE ACTION

7. Plaintiff is the owner of all right, title, and interest in United States Patent No. 7,678,094, entitled "Reusable Swim Diaper" (hereinafter, "the '094 Patent"), which was duly and legally issued by the United States Patent Office on March 16, 2010. A copy of the '094 Patent is attached hereto as **Exhibit A**.

8. Defendant does not have any license, authorization, consent, or permission from Plaintiff or any other party having any interest in or related to the '094 Patent to manufacture, use, offer to sell, or sell any product embodying the subject matter of any claim of the '094 Patent, or to engage in any other activity that would, in the absence of any license, authorization, permission, or consent, infringe upon or in any way violate any right or interest of Plaintiff in or relating to the '094 Patent.

9. Defendant has been infringing and/or otherwise violating Plaintiff's rights with respect to claims of the '094 Patent by, among other things, manufacturing, using, offering for

sale, and/or selling in this district and elsewhere throughout the United States reusable swim diapers which embody the subject matter of claims of the '094 Patent, and will continue to do so unless and until enjoined by this Court. Such infringing products include Defendant's Freestyle Swim Diaper, an example of which is shown in **Exhibit B**.

10. Defendant has, with full knowledge of the '094 Patent, commenced and/or continued infringement of and/or otherwise acted in violation of Plaintiff's rights with respect to the claims of the '094 Patent in willful disregard of Plaintiff's rights thereunder.

11. On information and belief, Defendant has, with full knowledge of the '094 Patent, actively induced others to infringe claims of the '094 Patent. Also, with knowledge or reason to know of the '094 Patent, Defendant has contributed to the infringement thereof, by among other things, supplying one or more material components or parts of a combination which infringed or infringes claims of the '094 Patent, knowing the same to be especially made or adapted for use in an infringement of the '094 Patent and not as a staple item of commerce suitable for substantial non-infringing uses.

## COUNT I – PATENT INFRINGEMENT

12. Plaintiff hereby restates the averments of the previous paragraphs as if fully set forth herein, and for its Count I states as follows:

13. Defendant has been and is now infringing and/or otherwise acting in violation of Plaintiff's rights with respect to the '094 Patent in violation of 35 U.S.C. § 271(a) by, among other things, making, selling, offering to sell, and/or using in the United States, products covered by at least one claim of the '094 Patent.

14. Defendant has been and is now actively inducing infringement of at least one claim of the '094 Patent by others in violation of 35 U.S.C. §§ 271(b) and 271(f).

15. Defendant has been and is now contributing to infringement of at least one claim of the '094 Patent by others in violation of 35 U.S.C. § 271(c).

16. The claims of the '094 Patent that are infringed are valid and enforceable and the '094 Patent is valid, unrevoked, enforceable, in force, and subsisting.

17. The acts of Defendant complained of herein have been and are now being done willfully with knowledge of, or reason to know, that they violate Plaintiff's rights under and related to the '094 Patent including, but not limited to, infringement of the '094 Patent.

18. The acts of Defendant complained of herein have caused and are presently causing irreparable harm, damage, and injury to Plaintiff for which Plaintiff has no adequate remedy at law, and such acts will continue to cause such irreparable harm, damage, and injury to Plaintiff unless and until the same are enjoined and restrained by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for at least the following relief:

A. A preliminary and permanent injunction against Defendant enjoining it from and against any and all further and/or continued infringement, contributory infringement, and active inducement of infringement of the claims of the '094 Patent.

B. An accounting for damages to Plaintiff resulting from Defendant's infringement, contributory infringement, active inducement of infringement, and any/all other compensable violations of Plaintiff's rights pertaining to the '094 Patent, together with a trebling of all such damages because of the knowing, willful and wanton nature of Defendant's conduct and the exceptional nature of this case pursuant to 35 U.S.C. § 285.

C. An assessment of interest on all damages.

D. That this Court award Plaintiff its attorneys' fees, costs and expenses in this action under 35 U.S.C. § 285.

E. Such other, further, and additional relief as this Court may deem reasonable and just.

Plaintiff hereby requests a jury to try any issue triable of right before a jury.

Respectfully submitted,

LUEDEKA NEELY GROUP, P.C.

BY: s/ Steven C. Schnedler
STEVEN C. SCHNEDLER
N.C. Bar No. 16957
138 Charlotte Street, # 212
Asheville, NC 28801
Telephone: (828) 252-0277
Fax: (865) 523-4478
sschnedler@luedeka.com

Michael J. Bradford, *pro hac vice* to be filed
P.O. Box 1871
Knoxville, TN 37901-1871
(865) 546-4305
(865) 523-4478 (fax)
MBradford@Luedeka.com

ATTORNEYS FOR PLAINTIFF